**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RICKY LEE HARBISON                                                                    PLAINTIFF
ADC #124272

V.                                          NO: 3:13CV00166 KGB/HDY

JUSTIN KIMBLE *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Ricky Lee Harbison, who was formerly held at the Poinsett County Detention Center, filed a *pro se* complaint on July 12, 2013. On October 2, 2014, Defendant Justin Kimble filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #33-#35).[1] Although Plaintiff has been granted additional time to respond (docket entry #36), he has not done so.

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1]On June 2, 2014, Judge Baker entered an order dismissing without prejudice Plaintiff's claims against the Poinsett County Detention Center and Poinsett County Sheriff Department (docket entry #17).

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, on June 23, 2013, Defendant tazed him and hit his hand with a baton at the Poinsett County Detention Center after he was arrested for battery of his wife.[2] Plaintiff also appears to challenge the conditions of his cell, and assert that he was denied medical care for injuries he sustained in the incident.

It appears that Plaintiff was a convicted inmate at the time the events complained of took place.[3]  To establish a constitutional violation for the use of excessive force, a convicted inmate must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of

---

[2]Incident reports indicate the actual date of the arrest was late on June 29, 2013, and he was booked into the detention center on that date, or the early morning hours of the next day (docket entry #34-4).

[3]Plaintiff's amended complaint (docket entry #18) indicates the charges against him were dropped when he "took" six years for a probation violation, which suggests that he was previously convicted.

force used, and the extent of injury inflicted.  *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

The undisputed facts[4] indicate Defendant was on routine patrol when he saw Plaintiff struggling with police officers from the City of Harrisburg.  When Defendant arrived, another officer sprayed Plaintiff with pepper spray, and Defendant left to investigate another call.  Later that night at the detention center, Defendant was called to assist with Plaintiff.  At that time, another Poinsett County officer advised Defendant that he and city officers had deployed a taser on Plaintiff earlier due to Plaintiff's combative behavior.

Once Plaintiff was placed into a holding cell, Plaintiff ripped a light fixture from the wall, began breaking light bulbs on the floor, and used the broken pieces as weapons.  Defendant used his baton to try to keep the food tray door open so another officer could use a taser on Plaintiff.  Plaintiff resisted the efforts of the officers to hold open the food tray to deploy the taser.  Although Defendant had to knock the food tray door open repeatedly, he never struck Plaintiff with the baton.

The evidence indicates Defendant never actually used force against Plaintiff.  To the extent Plaintiff may have been struck by the food tray door when Defendant repeatedly knocked it open, the actions of Defendant were not malicious, but were designed to restore order.  In addition to incident reports which indicated Plaintiff's combative behavior required a forceful response (docket entry #34-4), Plaintiff himself wrote a note apologizing for his behavior in the incident, conceding he was "so messed up," he only recalled bits and pieces of what happened (docket entry #34-1, page #8).  Thus, any use of force by Defendant was a good faith effort to restore discipline.[5]

---

[4]Pursuant to Local Rule 56.1(c), all material facts set forth in the statement of facts by the moving party are deemed admitted unless controverted by the non-moving party.

[5]Even if Plaintiff was a pre-trial detainee at the time of the events, Defendant is still entitled to summary judgment because any force used was reasonable and necessary under the

To the extent Plaintiff contends he was denied adequate medical care for his injuries, or the conditions of his cell were unconstitutional, the uncontradicted evidence demonstrates that Defendant is a road deputy, and has no control over the conditions or medical services at the detention center (docket entry #34-1).  Accordingly, Defendant's motion for summary judgment should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's motion for summary judgment (docket entry #33) be GRANTED, and Plaintiff's complaint be DISMISSED.

2.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against the Poinsett County Detention Center and the Poinsett County Sheriff Department, and DISMISSED WITH PREJUDICE with respect to his claims against Defendant Justin Kimble.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   13   day of November, 2014.

_____

UNITED STATES MAGISTRATE JUDGE

---

circumstances.  *See Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir.2001)("The evaluation of excessive-force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth Amendment, also relies on an objective reasonableness standard."); *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989)(force used must be necessary to the interests of safety, security, and efficiency, and cannot be excessive in light of its purpose).